Not For Publication  **CLOSED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA WILTZ, *pro se* | |
| Plaintiff, | Civ. Docket No. 06-4902 (FSH) |
| v. | **OPINION & ORDER** |
| MIDDLESEX COUNTY OFFICE OF THE PROSECUTOR, ET ALS., | September 6, 2007 |
| Defendants. | |

This matter has come before the Court upon Plaintiff *pro se*'s Motion for Remand pursuant to 28 U.S.C. § 1446.[1]  This Court has based its opinion on a review of the parties'

---

[1] Plaintiff Cassandra Wiltz is proceeding *pro se*. Plaintiff's Complaint is seventy-seven pages in length, names thirty-one defendants and states four claims for relief. The named Defendants are as followed: Defendants John J. Eccleston, R.D. Hunter & Company, and Hunter Group CPA ("Hunter Defendants"); Defendants Middlesex Borough Police Department, Michael Mastrogiovanni, Dennis G. Donnatelli, Matthew Geist, Greg Sharkey, and James L. Benson ("Police Defendants"); Defendant Plainfield Area Regional Sewerage Authority ("PARSA"), Robert Villee, Frank Kunz, Cindy Lee Kuntz [incorrectly referred to in the caption to Plaintiff's Complaint as "Cindy Lea Kuntz"], Al Ellis, Robert Johnston, Carol Pizzuto, David Ervin, Herbert Lauterwald, Jr., James Koch, William Populus, and William Thomas ("PARSA Defendants"); Defendants Marazaiti, Falcon and Healey ("Maraziti"), David J. Ruitenberg, and Brent T. Carney ("Maraziti Defendants"); Defendants Middlesex County Office of the Prosecutor, William F. Lamb, Gary Charydczak, Frank D. DiNinno, Bruce Kaplan, John Mumber, and Michael Weiss ("Prosecutor Defendants").  Plaintiff's claims for relief, upon a close reading of the Complaint, appear to be as follows: (1) a claim for a 42 U.S.C. § 1983 violation against all defendants, based on the alleged deprivation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and Fourteenth Amendment right to due process; (2) a claim for a 42 U.S.C. § 1985(3) violation against all defendants, based on an alleged conspiracy to maliciously prosecute Plaintiff, and to further deprive her of her constitutional rights by abusing the legal process, denying Plaintiff equal protection, causing damage to Plaintiff's professional reputation, and preventing her from being able to work in her chosen profession, (3) a claim for a §1986 violation against the Maraziti Defendants, Defendants Benson, Mumber, Weiss, and Kaplan, and the PARSA Board members (Defendants Ellis,

written submissions pursuant to Federal Rule of Civil Procedure 78.

Plaintiff originally filed this case in New Jersey Superior Court, Law Division, Middlesex County, on August 21, 2006.  On October 11, 2006, the PARSA and Maraziti Defendants filed a Notice of Removal, seeking to remove this case to the District of New Jersey.  The removal petition was based on federal question jurisdiction, as Plaintiff alleged claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1986, as well as the Fourth and Fourteenth Amendments.  In response, Plaintiff filed this Motion for Remand.  Plaintiff claims that Defendants' petition should be denied due to a procedural defect, as not all of the named defendants who had been served at the time that the removal petition was filed had joined that petition, as Plaintiff alleges is required by 28 U.S.C. § 1446.[2]

As Plaintiff correctly notes, the federal removal statute provides that a "defendant or defendants" seeking to remove a state court action to federal court must file a notice of removal in federal court within thirty days after receipt by the removing defendant of the initial pleading

---

Johnston, Pizzuto, Ervin, Lauterwald, Jr., Koch, Populus, and Thomas), based on an allegation that defendants conspired to maliciously prosecute Plaintiff, and in doing so violated her constitutional rights; and (4) a common law claim for malicious prosecution against the Hunter Defendants and the Maraziti Defendants.

[2]Prior to responding to the Motion for Remand, Defendants filed two additional motions in November of 2006: a Motion for Sanctions and a Motion to Dismiss, both predicated on the argument that Plaintiff's Complaint is barred by the doctrine of *res judicata* based on the fact that Plaintiff filed another case with the same claims.  See Wiltz v. Middlesex County Office of the Prosecutor, 06-cv-3915, 2006 WL 1966654 (D.N.J. July 12, 2006).  The district court in that case dismissed the claims with prejudice and the case is currently on appeal to the Third Circuit. This Court issued an Order on November 30, 2006, holding the motions for sanctions and for dismissal in abeyance until this Motion for Remand was decided.  Although it appears that this case is actually barred by the doctrine of *res judicata* and it seems likely that the state court will dismiss this case for that reason, because of the defects in the removal, this Court lacks jurisdiction to decide these motions.

or service of summons. 28 U.S.C. § 1446(a) and (b).  While the language a "defendant or defendants" may appear ambiguous, it is a well-settled rule (commonly known as the "rule of unanimity") that <u>all</u> defendants must join in or consent to the removal petition.  <u>See</u>, e.g. <u>Gableman v. Peoria, Decatur and Evansville Railway Co.</u>, 179 U.S. 335, 337 (1900); <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir.1995) (citations omitted).  Moreover, as federal courts are courts of limited jurisdiction, removal statutes should be strictly construed.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990); <u>Wal-Mart Stores, Inc. v. Electric Insurance Co., et als.</u>, No. 06-3132, 2007 WL 137238 at *3 (D.N.J. January 18, 2007).

      Here, the PARSA and Maraziti Defendants filed for removal on October 11, 2006.  It is clear that none of the individual Prosecutor Defendants (William F. Lamb, Gary Charydczak, Frank D. DiNinno, Bruce Kaplan, John Mumber, and Michael Weiss) had been served at the time of removal. <u>See</u> Letter from Mary Gibbons Whipple, dated October 23, 2006 [Docket #9]. Prior to the expiration of the 30-day period following removal, the remaining Defendants – the Middlesex County Prosecutor's Office, Hunter Defendants and the Police Defendants – communicated with the Court, seeking additional time to respond to Plaintiff's complaint.  <u>See</u> Letter from Mary Gibbons Whipple, dated October 23, 2006 [Docket #9]; Order by Magistrate Judge Patty Shwartz, dated October 26, 2006 [Docket #6]; Letter from John F. Gillick, dated November 1, 2006 [Docket # 13].  However, the record reflects that while all of the remaining Defendants (the Middlesex County Prosecutor's Office, the Hunter Defendants, and the Police Defendants) were served prior to removal,[3] none formally signed the removal petition submitted

---

[3] The Middlesex County Prosecutor's Office was served on October 5, 2006. <u>See</u> Letter from Mary Gibbons Whipple, dated October 23, 2006 [Docket #9].  The record does not reflect the exact date that either the Hunter Defendants or the Police Defendants were served, letters

by the PARSA and Maraziti Defendants. Nor did any of the remaining Defendants submit to the Court written notice of their consent to removal within the 30-day period.

In its response brief to Plaintiff's motion, the Middlesex County Prosecutor's Office indicated that it "take[s] no position with regard to the Motion for Remand." See Letter-Brief from Mary Gibbons Whipple, dated December 12, 2006 [Docket #32]. Thus, the Middlesex County Prosecutor's Office did not sign the notice of removal, did not file their own removal notice, and do not argue that they consented to removal. Without the consent of the Middlesex County Prosecutor's Office, it is clear that not all defendants consented to removal. Thus, even if the Hunter Defendants and the Police Defendants' arguments are credited, this Court has no choice but to grant Plaintiff's motion.

It is therefore, on this 6th day of September, 2007, **ORDERED** that Plaintiff's Motion for Remand is **GRANTED**. All remaining motions are hereby mooted, and this case is remanded to the Superior Court of New Jersey, Middlesex County, for further proceedings.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

from counsel for both groups indicate that it was prior to removal. See Letter-Brief from Teresa M. Cinnamond, dated December 11, 2006 [Docket #30] (conceding that "each and every defendant in [Plaintiff's] second commenced action did not file a formal consent to the Removal at the time the Notice of Removal in this case was filed," and failing to indicate that the Hunter Defendants had not been served when the notice of removal was filed); Letter from John F. Gillick, dated November 1, 2006 [Docket # 13] (the "within defendants were served with a Summons and Complaint by plaintiff, which was subsequently removed to the United States Court for the District of New Jersey") (emphasis added). The Court notes that the Police Defendants point out in a subsequent filing that Plaintiff only attached proof of service for the Middlesex County Police Department and officer James Benson, but do not necessarily deny that the other officers were served; moreover, these concerns were not raised within the statutory removal period. See Letter-Brief from John F. Gillick, dated December 11, 2006 [Docket #28].